IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK SAMUELS,

        Plaintiff,                No. CIV S-05-2337 GEB JFM P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, ET AL.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 26, 2007, defendants filed a motion for summary judgment. On November 22, 2006, plaintiff filed an opposition to the motion in which he alleges he was unable to file a substantive response because the motion for summary judgment he received did not include defendants' exhibits C through F. (Id. at 2.) Plaintiff's opposition was dated November 12, 2006.[1]

        However, a review of the court docket reflects that on November 17, 2006, defendants re-served the following documents on plaintiff by mail: motion for summary judgment; points and authorities in support of the motion for summary judgment; statement of undisputed facts, including exhibits A-F. (Docket Nos. 30 & 31.)

---

[1] Plaintiff also complains that he did not receive a copy of defendants' second request for extension of time to file their motion for summary judgment until November 3, 2006. The court granted defendants' request by order filed October 31, 2006. The court finds no good cause to revisit that order.

1    It appears from the court's docket that plaintiff's opposition and the certificate of
2 service attesting to re-service of these documents may have crossed in the mail.  (Compare
3 Docket Nos. 30 & 31 to 32-34.)  However, plaintiff has filed no further opposition or request for
4 extension of time to file further opposition based on the re-service.  Because it is not clear
5 plaintiff has received a complete copy of the defendants' moving papers, plaintiff will be granted
6 an additional thirty days in which to file his opposition to the motion for summary judgment.
7    Plaintiff is cautioned that Local Rule 78-230(m) provides in part:  "Failure of the
8 responding party to file written opposition or to file a statement of no opposition may be deemed
9 a waiver of any opposition to the granting of the motion . . . ."  On January 12, 2006 plaintiff was
10 advised of the requirements for filing an opposition to the motion and that failure to oppose such
11 a motion may be deemed a waiver of opposition to the motion.
12    Local Rule 11-110 provides that failure to comply with the Local Rules "may be
13 grounds for imposition of any and all sanctions authorized by statute or Rule or within the
14 inherent power of the Court."  In the order filed January 12, 2006, plaintiff was advised that
15 failure to comply with the Local Rules may result in a recommendation that the action be
16 dismissed.
17    Good cause appearing, IT IS HEREBY ORDERED that, if he is opposed to the
18 motion for summary judgment, plaintiff shall file an opposition to the motion within thirty days
19 from the date of this order.  Failure to file an opposition will be deemed as a statement of non-
20 opposition and shall result in a recommendation that this action be dismissed pursuant Federal
21 Rule of Civil Procedure 41(b).
22 DATED: March 5, 2007.

UNITED STATES MAGISTRATE JUDGE

001; samu2337.46o